# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| THE BOARD OF LUCAS COUNTY COMMISSIONERS, et al., | ) ) ) Case No. 3:24-cv-00779 |
| Plaintiffs, | ) ) Hon. James G. Carr |
| v. | ) ) ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) |
| Federal Defendants, | ) ) ) |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION OF AGRICULTURAL TRADE ASSOCIATIONS TO INTERVENE AS DEFENDANTS

This case seeks judicial review of a decision by the U.S. EPA pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 704. The APA provides "[t]he reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law… ." 5 U.S.C. § 706(2)(A). Courts must "'review the whole record or those parts of it cited by a party.'" *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997). "As a general matter, 'courts confine their review to the 'administrative record,' which 'includes all materials 'compiled' by the agency[] that were 'before the agency at the time the decision was made.'" *Id*.

1

Eleven agricultural trade groups (collectively, "Trade Associations") have moved to intervene in this case, either as a matter of right, or alternatively, permissively. This motion should be denied. As Defendants argued in their opposition brief (Doc. # 32) and further demonstrated below, the Trade Associations cannot establish the elements of intervention as of right. Additionally, for the reasons discussed below, permissive intervention is also not appropriate. Plaintiffs will not object, however, if the Trade Associations seek leave to file a brief as amici curiae.

### A. The Trade Associations' Motion for Intervention as a Matter of Right Should Be Denied.

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Sixth Circuit requires movants to establish: (1) that the motion was filed timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that an interest will be impaired without intervention; and (4) the current parties inadequately protect the proposed intervenor's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). The movant "must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

Here, intervention as a matter of right should be denied as the Trade Associations have not established the second, third or fourth criteria (substantial legal interest, impairment of that interest, and inadequate representation by existing parties, respectively).

1. **The Trade Associations have not shown a substantial legal interest nor an impairment of that interest.**

While the Sixth Circuit interprets the interest sufficient to invoke intervention of right expansively, not "any articulated interest will do." *Granholm,* 501 F.3d at 780. The analysis addressing the existence of a substantial legal interest "'is necessarily fact-specific.'" *Id*. (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). Thus:

> A person whose interest in the matter of litigation is not a direct or substantial interest, but is an indirect, inconsequential, remote, conjectural or contingent one, cannot intervene. A person having merely a collateral interest in the subject matter of a proceeding cannot intervene in the proceeding. A person or entity does not have a sufficient interest to qualify for the right to intervene merely because an impending judgment will have some effect on him or her. The judgment to be rendered must affect the proposed intervenor's direct or personal rights, not those of another.

*Karst Envtl. Educ. & Prot., Inc. v. FHA*, No. 1:10-CV-00154-R, 2011 U.S. Dist. LEXIS 40782 (W.D. Ky. April 14, 2011), quoting 59 Am Jur. 2d Parties Section 135 (1987).

The Trade Associations do not meet that test. To begin with, they did not attach declarations or other evidence substantiating their members' supposed interest in this case. But even if they had done so, their stated injuries are indirect and would not be immediately impaired by a ruling in Plaintiffs' favor. The Trade Associations argue they satisfy the "interest" and "impairment" prongs of the intervention test because their members are said to own "farms [that] would be directly subject to" new conditions in a future TMDL if Plaintiffs prevail. Doc #:19-1 "Trade Assoc. Mem." at 7-8). But as multiple courts have recognized, if an APA case merely asks a court to set aside an agency decision and send the agency back to the drawing board, intervenors who support the decision do not have an injury necessary to support intervention.

For example, in *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv*., No. 3:21-cv-

3

00455-HZ, 2021 U.S. Dist. LEXIS 222033 (D. Or. November 16, 2021), timber trade associations sought to intervene in an APA case brought by an environmental group challenging the agency's failure to list the Oregon coast red tree vole as endangered or threatened. The timber associations argued their goal of preserving existing allowable uses of their members' property was a significantly protectable interest. The District Court denied intervention, explaining that "a favorable outcome for Plaintiffs would not directly change the tree vole's status. It would not compel USFWS to list the tree vole as endangered…rather, it would require USFWS to revisit its 2019 decision. Thus, the result of this litigation would not have a direct, immediate, or harmful effect on Councils or their members." *Id.* at *6.

Similarly, in *Friends of the Wild Swan v. U.S. Fish & Wildlife Serv.*, 896 F. Supp. 1025, 1027 (D. Or. 1995), the District Court denied intervention to riparian landowners because plaintiff's only available relief was "invalidation of the USFWS's decision and remand to the agency for further consideration." The court emphasized that even if it granted that relief, "the Intervenors have an adequate forum to challenge a decision which is adverse to their interests. Like the environmental groups in the present case, the Intervenors may comment on the proposed decision to list, pursuant to 16 U.S.C. § 1533, and then challenge the decision in federal court under § 1536(n) by arguing that it was arbitrary and capricious." *Id.* at 1028.

The same is true here. If Plaintiffs prevail, the Ohio EPA will have to issue a new TMDL and the Trade Associations can participate in that administrative process and challenge any new TMDL approval in their own APA case. The Trade Associations would also have a full opportunity to comment on any proposed consent decree in this case, which U.S. EPA must publish in the Federal Register as it did in the previous case.

The Trade Associations further argue they "have significant technical expertise regarding

4

the nature of agricultural operations, which can benefit the Court in resolving this case." Trade Assoc. Mem. at 12.  However, this Court's review of this case is limited to the administrative record and "a court may not uphold an agency action on grounds not relied on by the agency." *Wild Swan*, 896 F. Supp. at 1027 (citing *National R.R. Passenger Corp. v. Boston & Me. Corp.*, 503 U.S. 407 (1992)). The Trade Associations' alleged "significant technical expertise" may not be considered. Where, as here, "a proposed intervenor merely seeks to interject its own "interests and concerns, outside of the administrative record, in defense of [an agency's decision]…[that proposed intervenor does not] have legally protectable interests at this stage in this litigation." *Id.*; s*ee also*, *Alameda Water & Sanitation Dist. v. Browner,* 9 F.3d 88 (10th Cir. 1993) (denying intervention where intervenor sought to offer additional reasons, outside of the administrative record, to support an agency's denial of a dredge and fill permit).

For these reasons, the Trade Associations do not have a legally protectable interest at this stage of the litigation. And, to the extent they do have any such interest, it would not be impaired by denial of intervention because the record is closed, they may not add evidence or "technical expertise" and they can freely participate in the administrative process for any new TMDL.

   2.  **The Trade Associations have failed to demonstrate that the current parties will not adequately represent their interests.**

The fourth element for intervention as a matter of right requires movants to establish the current parties do not adequately represent their interests. Movants "bear the burden of proving that they are inadequately represented by a party to the suit." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). "This burden has been described as minimal because it need only be shown that there is a potential for inadequate representation." *Id*. (quotations omitted). "Nevertheless, applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *Id*. (citing *Bradley v. Milliken*,

5

828 F.2d 1186, 1192 (6th Cir. 1987)).

"[A] movant fails to meet his burden of demonstrating inadequate representation when 1) no collusion is shown between the existing party and the opposition; 2) the existing party does not have any interests adverse to the intervener; and 3) the existing party has not failed in the fulfillment of its duty.'" *Albright v. Ascension Michigan*, No. 23-1595, 2024 U.S. App. LEXIS 6301 at *14 (6th Cir. March 14, 2024) (quoting *Jordan v. Mich. Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000)). "'A mere disagreement over litigation strategy or individual aspects of a remediation plan does not, in and of itself, establish inadequacy of representation.'" *Id*. (quotations omitted). "Indeed, a purported lack of vigor in litigation compared to what the movant would have summoned cannot show the necessary inadequate representation." *Id*. (citing *Jordan,* 207 F.3d at 863).

Here, it is clear the Trade Associations are adequately represented. There has been no showing of collusion, adverse interests or inadequate fulfillment of duty on the part of the Defendants. Indeed, the Trade Associations' Proposed Answer (Doc #: 19-2) is essentially identical to the Defendants' Answer. *See* Doc. # 16. Both the Answer and the Proposed Answer contain 196 paragraphs responding to the allegations contained in the Complaint. And, while they contain variations in word choices, the Answer and the Proposed Answer are substantially the same for 179 of those 196 paragraphs (including ¶¶159-164, 167, which the Trade Associations noted were of "utmost importance" to them. Trade Assoc. Mem., p. 9. Both the Answer and the Proposed Answer denied these allegations for lack of knowledge).

Further, where the Answer and the Proposed Answer do differ, those differences consist of responses where one is admitting or denying an allegation for which the other indicated a lack of knowledge. Specifically, in their Paragraphs 40, 42, 46, 78, 88, 89, 129, 132, 133, 134, 153, 175,

6

and 190, Defendants admitted certain facts which would be denied for lack of knowledge by the Trade Associations. By contrast, in Paragraphs 111-112, the Trade Associations would deny factual allegations regarding AFOs for which the existing Defendants expressed a lack of knowledge. And with regard to the second sentence in paragraph 157, the Trade Associations would add a legal conclusion, though they otherwise deny the sentence for lack of knowledge. The Defendants simply deny that same sentence for lack of knowledge. There are no other substantive differences between the Answer and the Proposed Answer. There are no admissions by the existing Defendants that would be substantively denied by Trade Associations. And both the existing Defendants and the Trade Associations assert an affirmative defense of failure to state a claim upon which relief can be granted. Thus, the Trade Associations seek precisely the same result as the existing Defendants.

As the Sixth Circuit has explained, ("[w]here the proposed intervenor and the defendants seek the same outcome, the fact that there is a difference in interests is not by itself sufficient to demonstrate the possibility of inadequate representation." *Jansen v. Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1992)). The Sixth Circuit recently applied this principle to deny intervention to trade associations in a Petition for Review of a final rule issued by U.S. EPA in *Sierra Club v. United States EPA*, No. 21-3057, 2022 U.S. App. LEXIS 577 (6th Cir. Jan. 7, 2022). The court explained:

> The trade associations, however, have not shown that the representation by the EPA and Ohio is inadequate. "[A]pplicants for intervention must overcome the presumption adequate representation that arises when they share the same ultimate objective as a party to the suit." *United States v. Michigan*, 424 F.3d 438, 443-44 (6th Cir. 2005). The trade associations insist their interest is "narrower" than the "public-interest" mission of the EPA. We have rejected similar arguments where, as here, the "proposed intervenors have not identified any separate arguments unique to them that they would like to make." *Id*. at 444. The trade associations have not explained why the EPA and Ohio may fail to adequately argue that Ohio's nuisance rule is not reasonably related to the federal air quality standards. Instead, they are "more concerned about what will transpire in the

7

>  future"—the possibility they will face citizen suits in federal court rather than state enforcement in Ohio courts—rather than issues in the current phase of the proceedings. *Id*.

*Id*. at *4.

Similarly, another court in this District recently denied a motion to intervene as defendants by a community group when the city government was already defending the case. *See Tarpon Towers II, LLC v. City of Sylvania*, 586 F. Supp. 3d 755, 758 (N.D. Ohio 2022). The court stated, "[w]hile [Proposed Intervenor] offers different interests and affirmative defenses, [it] seeks precisely the same relief sought by the City --the dismissal of the Complaint. This is insufficient to justify intervention." *Id*. (citing *Blount-Hill v. Ohio,* 244 F.R.D. 399, 404 (S.D. Ohio 2005). *See also Kentucky v. United States EPA*, No. 3:23-cv-00007, 2023 U.S. Dist. LEXIS 38661 at *7-8 (E.D. Ky. March 8, 2023) (no inadequacy of representation shown where proposed intervenors, wildlife conservation groups, shared the same goal as defendant EPA: defending and upholding an EPA rule).

As the Trade Associations cannot show they are inadequately represented by the existing Defendants in this matter, their motion to intervene as a matter of right should be denied.

### B. Permissive Intervention should also be denied.

The Trade Associations have alternately requested permissive intervention. A court has discretion to grant permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." *Bay Mills Indian Cmty. v. Snyder*, 720 Fed. Appx. 754, 757, 2018 U.S. App. LEXIS 520, *4-5 (quoting Fed. R. Civ. P. 24(b)(1)(B)). In exercising its discretion, the district court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* (quoting Fed. R. Civ. P. 24(b)(3)).

8

Permissive intervention should also be denied in light of the particular circumstances of this case. As explained above, the Trade Associations do not have "a claim or defense that shares with the main action a common question of law or fact." *Id*. (quoting Fed. R. Civ. P. 24(b)(1)(B)). They simply wish to advocate against Plaintiffs in hopes of avoiding the possibility that a potential *future* TMDL might be objectionable to them. Even if Plaintiffs are successful, this Court would not create a new TMDL in its opinion.  It would instead direct Defendant US EPA and Ohio EPA to do so.  At that point, the Trade Associations can express its interests by participating in the public notice and comment for any new actions taken by the state and federal agencies. However, the Trade Associations do not presently have an interest.

The Sixth Circuit has "recognized that identity of interest is one of several 'relevant criteria' under Rule 24(b), *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007), and '[t]he fact that [a proposed intervenor's] position is being represented counsels against granting permissive intervention,' *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018)." *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 579 (6th Cir. 2018).

In *Sierra Club v. United States EPA*, which was discussed above and involved a request by trade associations for intervention either by right or permissively in an administrative matter, the Sixth Circuit also addressed permissive intervention. In that regard, the Sixth Circuit stated:

> The trade associations insist their interest is "narrower" than the "public-interest" mission of the EPA. We have rejected similar arguments where, as here, the "proposed intervenors have not identified any separate arguments unique to them that they would like to make." *Id*. at 444. The trade associations have not explained why the EPA and Ohio may fail to adequately argue that Ohio's nuisance rule is not reasonably related to the federal air quality standards. Instead, they are "more concerned about what will transpire in the future"—the possibility they will face citizen suits in federal court rather than state enforcement in Ohio courts—rather than issues in the current phase of the proceedings. Id. Similarly, these concerns fail to satisfy the common-question requirement for permissive intervention. See

9

> *Kirsch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018) (explaining that permissive intervention is not warranted where a party "is merely concerned that resolution of the parties' claims might have collateral consequences for the proposed intervenor's independent interests" (citing *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 757-58 (6th Cir. 2018))).

*Sierra Club,* 2022 U.S. App. LEXIS 577 at *4-5. As set forth above, the Trade Associations share an identity of interest with the existing Defendants and have not explained why the Defendants will fail to adequately argue in defense of the TMDL (which, after all, the agency approved). Rather, the Trade Associations are "more concerned about what will transpire in the future" in that they express concern about the possibility of a more burdensome TMDL. *Id*. As in *Sierra Club*, "these concerns fail to satisfy the common-question requirement for permissive intervention." *Id*.

To the extent the Trade Associations wish to advocate in favor of the existing TMDL, they may seek leave to file a brief as amici curiae which Plaintiffs would not oppose. Indeed, this approach is particularly appropriate because many other groups or constituencies have views about the TMDL. Allowing all such groups, including the Trade Associations, to participate as amici but not intervenors would enable them to be heard without undermining the efficient administration of this case.

### C. Conclusion.

For the foregoing reasons, Plaintiffs respectfully ask the Court to deny the Trade Associations' motion to intervene both as of right, and permissively. Plaintiffs do not object to an order permitting the Trade Associations to file a brief as amici curiae.

DATED: October 18, 2024

Respectfully submitted,

*/s/ Tammy G Lavalette*
Dale R. Emch, Director of Law (0080004)
Tammy G. Lavalette, Senior Attorney (0071533)
City of Toledo, Department of Law
One Government Center, Suite 2250 Toledo, OH 43604
T: (419) 245-1020
F: (419) 245-1090
dale.emch@toledo.oh.gov
tammy.lavalette@toledo.oh.gov
*Counsel for Plaintiff City of Toledo*

*/s/ Robert Michaels*
Howard A. Learner *Pro hac vice*
Robert Michaels *Pro hac vice*
Kathleen Garvey *Pro hac vice*
Environmental Law & Policy Center 35 East Wacker Drive, Suite 1600
Chicago, IL 60601
T: (312) 673-6500
F: (312) 795-3730
hlearner@elpc.org
rmichaels@elpc.org
kgarvey@elpc.org
*Counsel for Plaintiff Environmental Law & Policy Center*

*/s/ Fritz Byers*
Fritz Byers (0002337)
414 N Erie St., 2nd Floor
Toledo, OH 43604
T: (419) 241-8013
F: (419 241-4215
fritz@fritzbyers.com
*Counsel for Plaintiff The Board of Lucas County Commissioners*

# CERTIFICATION

This is to certify that a copy of the foregoing *Memorandum in Opposition to Motion of Agricultural Trade Associations to Intervene as Defendants* was electronically filed this 18th day of October, 2024.  All parties may access this pleading via the Court's electronic docket system.

/s/ <u>Tammy G. Lavalette</u>
Tammy G. Lavalette, Senior Attorney

11