UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE BOARD OF LUCAS COUNTY COMMISSIONERS, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 3:24-cv-00779 |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS' BRIEF IN RESPONSE TO MOTION OF OHIO EPA
TO INTERVENE AS DEFENDANTS**

This case seeks judicial review of a decision by the U.S. EPA pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 704. On October 18, 2024, the Ohio Environmental Protection Agency ("Ohio EPA") moved to intervene as a defendant, either as a matter of right or, alternatively, permissively. As explained below, Plaintiffs oppose intervention as of right but do not oppose permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2).

**I.      Ohio EPA's Motion for Intervention as a Matter of Right Should Be Denied.**

  **A.      Ohio EPA has no unconditional right to intervene pursuant to a federal statute as required for intervention under Rule 24(a)(1).**

Ohio EPA argues for intervention as of right under Rule 24(a)(1), which permits intervention for anyone who "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Courts limit intervention under Rule 24(a)(1) to cases where the relevant statute

expressly grants the right to intervene. *See, e.g., Bhd. of R. R. Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 526-27 (1947) (unconditional right to intervene based on "the plain language" of Interstate Commerce Act); *United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 268-69 (E.D. Mich. 1997) (same for Fair Housing Act).

Ohio EPA fails to identify any statute granting it any right to intervene, let alone an unconditional one. The agency merely provides a string cite to various sections of the Clean Water Act ("CWA"), none of which even reference intervention. *See* 33 U.S.C. §§ 1251, 1252, 1313, 1342. In fact, the only CWA sections that even mention intervention are § 1365, which allows citizen intervention in federal or state enforcement actions and federal intervention in citizen suits, and §§ 1415, 1515, 1910, 1283, which pertain to ocean dumping, deep water ports, ship pollution, and construction, respectively.

### B. Ohio EPA has not shown that it will be inadequately represented by denial of intervention as required by Rule 24(a)(2).

As Plaintiffs demonstrated in their brief opposing intervention by the Agricultural Associations (Doc # 34), intervention as of right under Rule 24(a)(2) requires movants to establish four factors, including that "the current parties inadequately protect the proposed intervenor's interest." *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). The movant "must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). Here, the Court should deny intervention as of right because Ohio EPA has not established inadequate representation by existing parties.

The burden for proving inadequate representation "has been described as minimal because it need only be shown that there is a potential for inadequate representation." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). But as Ohio EPA acknowledges, "[w]hen there are

2

two parties that share the same ultimate objective…a presumption of adequate representation arises." Doc. # 33 at 6 (citing *Wineries of the Old Mission Peninsula Ass. v. Twp. Of Peninsula*, 41 F.4th 767, 774 (6th Cir. 2022); *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (recognizing presumption). The presumption applies here because Ohio EPA and U.S. EPA share precisely the same objective: to enter judgment against Plaintiffs and uphold U.S. EPA's approval of the TMDL.

To overcome the presumption, putative intervenors must show 1) "collusion . . . . between the existing party and the opposition, . . . 2) "adverse interests" between the existing party and the intervenor, or 3) that "the existing party has . . . failed in the fulfillment of its duty.'" *Albright v. Ascension Michigan*, No. 23-1595, 2024 U.S. App. LEXIS 6301 at *14 (6th Cir. March 14, 2024) (quoting *Jordan v. Mich. Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000)). "A mere disagreement over litigation strategy or individual aspects of a remediation plan does not, in and of itself, establish inadequacy of representation." *Id*. (internal quotations omitted). "Indeed, a purported lack of vigor in litigation compared to what the movant would have summoned cannot show the necessary inadequate representation." *Id*.

Ohio EPA fails to establish any of these three grounds for overcoming the presumption of adequate representation. First, the state agency does not claim, let alone demonstrate, collusion. Second, Ohio EPA does not claim to have, and does not actually have, any "adverse" interest to U.S. EPA; to the contrary, Ohio EPA admits that the two agencies' interests are "similar." Doc. # 33 at 6. Ohio EPA relies entirely on the fact that it has to implement the TMDL. *Id*. But while Ohio EPA and U.S. EPA play different roles in creating TMDLs, that is insufficient to show a difference in interests—let alone adversity of interests—in this litigation. And even if those litigation interests were different, "[w]here the proposed intervenor and the defendants seek the same outcome, the fact

3

that there is a difference in interests is not by itself sufficient to demonstrate the possibility of inadequate representation." *Jansen v. Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1992).[1] Simply because a putative intervenor may have "stronger" or "more specific" interests than a government defendant is not enough to overcome the presumption of adequate representation. *Ohio Valley Env't Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 28–29 (S.D. W.Va. 2015).

Finally, Ohio EPA offers no reason to believe U.S. EPA has failed or will "fail in its fulfillment of duty" (*Albright*, 2024 U.S. App. LEXIS 6301 at *14) to defend this case. As Plaintiffs emphasized in opposition to the Agricultural Associations' motion to intervene, this case is limited to a review of the administrative record. Ohio EPA cannot make any arguments beyond the grounds that U.S. EPA relied on in reviewing the TMDL. *See National R.R. Passenger Corp. v. Boston & Me. Corp.*, 503 U.S. 407, 420 (1992) ("an agency's action may not be upheld on grounds other than those relied on by the agency"). No party is better situated to vigorously defend its decision on a closed administrative record than U.S. EPA, and the agency's conduct in this case so far confirms it will do just that.

## II. Plaintiffs Do Not Oppose Permissive Intervention Under Rule 24(b)(2).

Ohio EPA seeks permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), which grants courts discretion to allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1)(B). But the Sixth Circuit has "recognized that identity of interest is one of several 'relevant criteria' under Rule 24(b), and

---

[1] Ohio EPA's Proposed Answer (Doc #: 33-2) is essentially identical to the Defendants' Answer, indicating that their interests are completely aligned. See Doc. # 16. Both the Answer and the Proposed Answer contain 196 paragraphs responding to the allegations in the Complaint. And while some word choices vary, the Answer and the Proposed Answer are substantially the same for 189 of those 196 paragraphs; the only differences in the remaining seven paragraphs relate to the agencies' knowledge about particular alleged facts. Compare Doc #33-2 and # 16. Ohio EPA does not deny any allegations that U.S. EPA admits, aside from lack of knowledge.

'[t]he fact that [a proposed intervenor's] position is being represented counsels against granting permissive intervention.'" *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 579 (6th Cir. 2018) (internal citations omitted). As explained above, Ohio EPA shares an "identity of interest" with U.S. EPA, which will adequately defend its own decision to approve the TMDL.

Although Ohio EPA does not cite it, Rule 24(b)(2)(A)-(B) does provide an appropriate avenue for permissive intervention. This rule grants courts discretion to allow a state government officer or agency to permissively "intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." Plaintiffs do not object to Ohio EPA intervening under this provision because it administers the TMDL program pursuant to the Clean Water Act.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully ask the Court to deny Defendants' motion for intervention as of right and to exercise its discretion and grant Defendants' motion for permissive intervention under Rule 24(b)(2).

DATED: November 12, 2024

Respectfully submitted,

*/s/ Robert Michaels*
Howard A. Learner *Pro hac vice*
Robert Michaels *Pro hac vice*
Kathleen Garvey *Pro hac vice*
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
T: (312) 673-6500
F: (312) 795-3730
hlearner@elpc.org
rmichaels@elpc.org
kgarvey@elpc.org
*Counsel for Plaintiff Environmental Law & Policy Center*

*/s/ Fritz Byers*
Fritz Byers (0002337)
414 N Erie St., 2nd Floor
Toledo, OH 43604
T: (419) 241-8013
F: (419 241-4215
fritz@fritzbyers.com
*Counsel for Plaintiff The Board of Lucas County Commissioners*

*/s/ Dale R. Emch*
Dale R. Emch, Director of Law (0080004)
Tammy G. Lavalette, Senior Attorney (0071533)
City of Toledo, Department of Law
One Government Center, Suite 2250
Toledo, OH 43604
T: (419) 245-1020
F: (419) 245-1090
dale.emch@toledo.oh.gov
tammy.lavalette@toledo.oh.gov
*Counsel for Plaintiff City of Toledo*