IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **THE BOARD OF LUCAS COUNTY, COMMISSIONERS, et al.,** | : : : | CASE NO. 3:24-cv-00779 |
| | : | JUDGE JAMES G. CARR |
| **Plaintiffs,** | : : | |
| v. | : : | |
| **UNITED STATES ENVIROMENTAL PROTECTION AGENCY,** *et al.,* | : : : | |
| **Defendants.** | : : | |

**OHIO ENVIRONMENTAL PROTECTION AGENCY'S
REPLY IN SUPPORT OF ITS MOTION TO INTERVENE**

The Ohio Environmental Protection Agency ("Ohio EPA" or "the Agency") files this reply in support of its motion to intervene as a defendant. At the time of filing, the United States indicated it takes no position and did not file a written response to Ohio EPA's motion. *See Docket*. The Plaintiffs specifically request that the Court grant Ohio EPA's motion with respect to permissive intervention but deny the motion with respect to intervention as a matter of right. *See Plaintiffs' Response to Ohio EPA's Motion* ("*Pls.' Response*"), ECF. No. 42 at 5. Ohio EPA, however, meets the Fed. R. Civ. P. 24 intervention criteria for both.

**I.      Ohio EPA Meets the Requirements for Permissive Intervention.**

Fed. R. Civ. P. 24(b)(1)(B) supports Ohio EPA's permissive intervention, granting courts discretion to allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Additionally, an agency may intervene if a party's claims are based on either (A) a statute administered by the agency or (B) any regulation, order, requirement, or agreement issued or made under the statute. Fed. R. Civ. P. 24(b)(2).

1

Here, Ohio EPA developed the Maumee Watershed Total Maximum Daily Load ("TMDL") that is at issue in this litigation. *See Ohio's Motion*, ECF No. 33 at 3–4. And Ohio EPA must implement that TMDL and any potential revisions to that TMDL that may result from this litigation. *Id.* Ohio EPA seeks to intervene to defend the TMDL and protect its interests. Despite the Plaintiffs' claims to the contrary, because Ohio EPA is the sole entity responsible for implementing the TMDL no other parties to this litigation represent Ohio EPA's interest. *See Pls.' Response* at 4–5. Ohio EPA should be granted intervention pursuant to Fed. R. Civ. P. 24(b)(1).

Ohio EPA should also be granted intervention pursuant to Fed. R. Civ. P. 24(b)(2) given this litigation is focused on the TMDL that Ohio EPA must, pursuant to the Clean Water Act, administer and implement. *See, e.g.*, *id.* at 5.

This Court should grant Ohio EPA the right to permissively intervene in this action.

**II.     Ohio EPA Meets the Requirements for Intervention as of Right.**

Ohio EPA can intervene as of right if its ability to protect its interest may be impeded by the pending litigation and no other party adequately represents the Agency's interests. Fed. R. Civ. P. 24(a)(2). A proposed intervenor must meet four parameters in order to intervene. *Ohio's Motion* at 4. Here, the Plaintiffs appear to agree that Ohio EPA's motion was timely, that the Agency has a substantial legal interest, and this interest may be impaired absent intervention, given the Plaintiffs did not respond regarding these factors. *See generally*, *Pls.' Response*. Plaintiffs argue only that U.S. EPA adequately represents Ohio EPA's interests. *Id.* at 2. But as outlined in Ohio EPA's Motion, while there may be a presumption of adequate representation if the proposed intervenor seeks the same ultimate objective as a current party, that presumption can be easily overcome by showing that the current party *may* have interests that are adverse to the intervener. *Ohio's Motion* at 6, citing Wineries of the Old Mission Peninsula Ass'n v. Twp. Of Peninsula, 41

F.4th 767, 774 (6th Cir. 2022). The burden to show one does not adequately represent a proposed intervenor's interests is minimal. *Id.*

Despite Plaintiffs' contrary claims, U.S. EPA's interests may not completely overlap with Ohio EPA's interests. *Pls.' Response* at 2–4. Ohio EPA developed the TMDL and is the sole entity responsible for implementing TMDLs within Ohio. *Above* at 1–2. It is possible that U.S. EPA may negotiate with Plaintiffs to change its prior decision and disapprove the Ohio EPA-developed TMDL, resulting in U.S. EPA preparing its own TMDL. Or this Court could order U.S. EPA to prepare its own TMDL following certain guidelines. Given the potential impacts under either circumstance, Ohio EPA must have a seat at the table to both defend the adequacy of the TMDL and have a say in potential remedies that may change the TMDL it must implement.

While U.S. EPA may be closely aligned with Ohio EPA, only Ohio EPA is charged with implementing the TMDL. No other party represents Ohio EPA's distinct interest here. This Court should grant Ohio EPA the ability to intervene as of right.

### III. Conclusion

For the forgoing reasons, Ohio EPA respectfully requests the Court grant it permissive intervention under Civ. R. 24(b) and intervention as of right under Civ. R. 24(a).

Respectfully submitted,

DAVE YOST
OHIO ATTORNEY GENERAL

 s/ Morgan Staric
**AMBER WOOTTON HERTLEIN (0083858)**
**MORGAN STARIC (0098185)**
Assistant Attorneys General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215

3

        Phone: (614) 466-2766
        Fax: (614) 644-1926
        Amber.Hertlein@OhioAGO.gov
        Morgan.Staric@OhioAGO.gov

        *Attorneys for Proposed Intervenor,*
        *The Ohio Environmental Protection Agency*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2024, I electronically filed a copy of the foregoing Reply in Support of Ohio EPA's Motion to Intervene with the Clerk of Courts using the CM/ECF system. Notice of the filing will be sent to all parties in the case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      <u>/s/ Morgan Staric</u>
      **MORGAN STARIC (0098185)**
      Assistant Attorney General